IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK B. GREENWAY, <br> MARIE G. GREENWAY, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| VS. | § <br> § | CIVIL ACTION NO. H-18-3776 |
| ROBERT WILKIE, *et al.*, | § <br> § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Frank B. Greenway and Marie G. Greenway sued Mortgage Research Center, LLC; the Government National Mortgage Association; Wells Fargo Bank, North America; Robert Wilkie, the Secretary of the United States Department of Veterans Affairs; The Money Source, Inc.; and Mortgage Electronic Registration Systems, Inc. (collectively, the "Lenders"). The Greenways challenged the nonjudicial foreclosure sale of their home. They sought a declaration that the Lenders do not have standing to foreclose; asserted claims of wrongful foreclosure, fraudulent concealment, fraudulent inducement, breach of contract, void contract, breach of fiduciary duty, and quiet title; and applied for a temporary restraining order and a preliminary injunction against eviction. The Secretary has opposed the application for a temporary restraining order or preliminary injunction, arguing that the Greenways have not demonstrated a substantial likelihood of success on the merits. The Secretary further contends that sovereign immunity bars the Greenways' clams or, alternatively, that their complaint fails to state a plausible claim. After a careful review of the pleadings, the motion, and the applicable law, the court denies the Greenways' application for a temporary restraining order or a preliminary injunction, and grants the Lenders' motion to dismiss for lack of subject-matter jurisdiction.

**I.       Background**

In September 2015, the Greenways obtained a $155,778 mortgage loan from the Mortgage Research Center. (Docket Entry No. 1-1 at 62–63). The Greenways promised to repay the loan through periodic payments over 30 years. (*Id.*). The loan was secured by the Greenways' 10-acre property in Brazos County, Texas, under a deed of trust that named Scott R. Valby as the trustee and the Electronic Registration System as the beneficiary. (*Id.* at 63, 72). The Department of Veterans Affairs guaranteed the loan through a "VA Guaranteed Loan and Assumption Policy Rider," which prohibited assignments without the Department's approval and subjected the parties to the rules and regulations of United States Code Chapter 38. (*Id.* at 73–74).

In March 2018, the Greenways defaulted and they received a timely notice that a nonjudicial foreclosure sale would occur on May 1, 2018. (*Id.* at 79). The foreclosure sale went forward on May 1, 2018, and The Money Source purchased the property for $162,684.39. (*Id.* at 76–77).

The Department Secretary was the successor in interest to The Money Source. (Docket Entry No. 3-2 at 15). In June 2018, the Secretary sought a judgment of possession from the Brazos County Justice of the Peace. (*Id.*). In July, the Justice of the Peace entered a judgment of possession for the Secretary after the Greenways failed to appear. (*Id.* at 8). The Greenways appealed the judgment to the County Court of Brazos County. (*Id.* at 9). In August 2018, the Brazos County Court entered a final judgment of possession for the Secretary, with "such writs and processes as may be necessary in the enforcement and collection of this judgment." (Docket Entry No. 3-5 at 1).

Later that August, the Greenways filed this action in Brazos County District Court, seeking either a temporary restraining order or a preliminary injunction against the foreclosure sale, transfer

of ownership, and eviction. (Docket Entry No. 1-1 at 12–43). They asserted claims for wrongful foreclosure, fraud, contract breach, void contract, fiduciary duty breach, and quiet title. (*Id.*). The Greenways also sought a declaratory judgment that the Lenders had lacked the authority to initiate foreclose.

The Secretary removed to federal court, opposed the application for a temporary restraining order or a preliminary injunction, and moved to dismiss for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a plausible claim. (Docket Entry Nos. 1, 3). The Secretary argued that the Greenways had not demonstrated a substantial likelihood of success on the merits and that their claims were barred by sovereign-immunity. The Greenways have failed to file a timely response. The court considers the arguments and the Greenways' claims below.

## II.     The Legal Standard

Rule 12(b)(1) permits a party to challenge subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). A court may dismiss an action under 12(b)(1) on any of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012). The party asserting jurisdiction has the burden of

proof. *Ramming*, 281 F.3d at 161.

**III.    Analysis**

   **A.    The Application for a Temporary Restraining Order or a Preliminary Injunction**

The Greenways request a temporary restraining order or a preliminary injunction to prevent their eviction. (Docket Entry No. 1-1 at 43). The Secretary opposes this request, arguing that the Greenways cannot demonstrate a substantial likelihood of prevailing on the merits. (Docket Entry No. 3 at 12).

To obtain a temporary restraining order or a preliminary injunction, the moving party must demonstrate:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)); *see Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The substantial-likelihood-of-success requirement "does not contemplate a finding of fixed quantitative value." *Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Ed. & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979) (quotation omitted). The district court should employ a "sliding scale" that balances "the hardships associated with the issuance or denial of a [temporary restraining order or a] preliminary injunction with the degree of likelihood of success on the merits." *Id.* "When the other factors weigh strongly in favor of an injunction, 'a showing of some likelihood of success on the merits will justify temporary injunctive relief.'" *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 585 (E.D. La. 2016) (quoting *Productos Carnic, S.A. v. Cent. Am. Beef & Seafood*

4

*Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980)). An "injunction should never issue if there is no chance that the movant will eventually prevail on the merits." *State of Tex. v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975).

Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] which should not be granted unless the party seeking [them] has clearly carried the burden of persuasion on all four requirements." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003)). A denial of a temporary restraining order or a preliminary injunction is reviewed for an abuse of discretion. *Id.*

The Greenways contend that the deed of trust was improperly transferred to the Ginnie Mae REMIC 2015-141 Trust under its pooling-service agreement and New York law. (Docket Entry No. 1-1 at 16–19). The record contains no evidence supporting this theory, and it is unclear that the Greenways have standing to raise this argument. *Shaver v. Barrett Daffin Frappier Turner & Englen, LLP*, 593 F. App'x 265, 273 (5th Cir. 2014); *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 224–26 (5th Cir. 2013). Nor does the record contain evidence that the Lenders misrepresented the deed of trust's terms or assignment status to the Greenways. The Greenways' claims of wrongful foreclosure, contract breach, void contract, breach of fiduciary duty, and quiet title lack any indicia of merit given that the deed of trust, notice of trustee's sale, and judgment of possession, all support finding that the Lenders had foreclosure authority and complied with nonjudicial foreclosure procedures.

The Greenways have also failed to identify a waiver of sovereign immunity to the extent that their claims are against the Secretary. "Absent a waiver of sovereign immunity, the federal

5

government is immune from suit." *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (quotation omitted).

The Greenways have not shown a substantial likelihood of success on the merits, and the court denies their application for a temporary restraining order or a preliminary injunction. (Docket Entry No. 1-1 at 37–44).

B.     **The Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The Secretary argues that because sovereign immunity bars the Greenways' claims, the court lacks jurisdiction. *See Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) ("[W]hether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 826–27 (1976). "Waivers of sovereign immunity should be narrowly construed in favor of the United States." *FEMA Trailer Formaldehyde*, 668 F.3d at 287. A *pro se* plaintiff's pleadings "'must be read in a liberal fashion,' and 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Rodriguez v. Holmes*, 963 F.2d 799, 801 (5th Cir. 1992) (quoting *Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir. Unit A 1981)).

The Greenways have asserted wrongful foreclosure and fraudulent misrepresentation claims against the Secretary. The Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, waives "sovereign immunity and provides the sole basis of recovery for tort claims against the United States." *FEMA Trailer Formaldehyde*, 668 F.3d at 287. Under the FTCA, the plaintiff must sue "the United States, and not the responsible agency or employee." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Because the Greenways assert their tort claims against the Secretary,

6

not the United States, these claims "must be dismissed for want of jurisdiction." *Id.*

Even assuming the Greenways had sued the United States, the FTCA does not waive sovereign immunity for claims arising from "misrepresentation, deceit, or interference with contract rights," 28 U.S.C. § 2680(h), and the Greenways have not alleged that they exhausted administrative remedies, 28 U.S.C. § 2675(a). Sovereign immunity bars the Greenways' wrongful foreclosure, intentional misrepresentation, breach-of-contract, and fiduciary-duty claims. These claims are dismissed for lack of subject-matter jurisdiction, without prejudice. *See Ramming*, 281 F.3d at 161.

The Greenways also assert a quiet-title claim against the Secretary. The Quiet Title Act permits the United States to "be named as a party defendant in a civil action . . . to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). The district courts have "exclusive original jurisdiction of civil actions under section 2409a." 28 U.S.C. § 1346(f); *see United States v. Mottaz*, 476 U.S. 834, 841 (1986). But a district court cannot exercise jurisdiction over an action subject to exclusive federal jurisdiction that was first filed in state court and removed by the defendant. *Cummings v. United States*, 648 F.2d 289, 291–92 (5th Cir. Unit A 1981) ("[A] removed case must be dismissed if it was improperly filed state court even though it could have been instituted initially in the federal court to which it was removed."). The court cannot exercise jurisdiction over the quiet-title claim, even assuming that it was brought under § 2409a, because the Greenways initiated the action in state court. The quiet-title claim against the Secretary is dismissed.

The Greenways seek a declaration that the deed of trust was unconscionable and that the Secretary lacked foreclosure authority. Even assuming that the Greenways brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, sovereign immunity bars these claims. The

7

Declaratory Judgment Act does not provide "a federal court with an independent basis for exercising subject-matter jurisdiction," and the United States has not waived sovereign immunity against contract or wrongful foreclosure claims. *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *see Charles v. McHugh*, 613 F. App'x 330, 332–34 (5th Cir. 2015). These declaratory claims are dismissed as to the Secretary, without prejudice.

**V.      Conclusion**

Sovereign immunity bars the Greenways' claims against the Secretary. The court need not reach the Secretary's motions to dismiss for insufficient process or for failure to state a claim. The Greenways' application for a temporary restraining order or a preliminary injunction is denied, (Docket Entry No. 1-1 at 37), and the Secretary's motion to dismiss is granted, (Docket Entry No. 3).

SIGNED on November 13, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

8