IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK B. GREENWAY, | § | |
| MARIE G. GREENWAY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3776 |
| | § | |
| ROBERT WILKIE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Frank B. Greenway and Marie G. Greenway, representing themselves, have sued Mortgage Research Center, LLC; the Government National Mortgage Association; Wells Fargo Bank, North America; The Money Source, Inc.; and Mortgage Electronic Registration Systems, Inc. (collectively, the "Lenders"). The Greenways challenged the nonjudicial foreclosure sale of their home, alleging that the Lenders lacked authority to foreclose because an assignment between Mortgage Research Center and The Money Source was invalid and fraudulent. They sought a declaration that the Lenders lacked standing to foreclose and asserted claims a number of claims.

The Lenders have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the Greenways lack standing to challenge the home mortgage loan's assignment and that their complaint fails to state a plausible claim under Texas law. (Docket Entry No. 15). They submitted documents with this motion, including state-court documents and filings that were not referred to in the Greenways' complaint. The Lenders did not submit the default and acceleration notices that Texas law required them to provide the Greenways before accelerating their loan and foreclosing. Nor did the Lenders submit documents showing the amount of the Greenways' default or that the Greenways were given the opportunity to, and did not, cure that default.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); *Shine v. Jones*, 743 F. App'x 566, 567 (5th Cir. 2018). When a court converts a motion for judgment on the pleadings into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). The court has discretion whether to convert the motion into one for summary judgment. *See Isquith for and on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 (5th Cir. 1988) ("[W]hen non-pleading materials are filed with a motion to dismiss, . . . a district court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit.").

Because the Lenders have presented matters outside the pleadings, the motion for judgment on the pleadings is converted into one for summary judgment. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. (quotation omitted)). The Lenders must produce to the Greenways, and file with the motion for summary judgment, the default and acceleration notices, if any were sent; documents showing the amount of the Greenways' default and their failure to cure that default; and the documents showing the assignment to a mortgage-backed securities trust, if any.

The Greenways have requested that the Lenders produce documents, including the promissory note, deed of trust, assignments, state-court judgment of possession, and "any" other documents related to their loan, its assignment, or the foreclosure. (Docket Entry No. 17 at 2–3).

2

The Greenways' motion is denied because the record already contains most of these documents, and the Greenways have made generalized requests for "any" documents related to their home mortgage loan without articulating "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist," and without indicating "how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation omitted). The documents that the court has ordered the Lenders to submit, in addition to the documents already submitted, appear to contain the relevant facts underlying the Lenders' foreclosure and may well suffice.

Once the Greenways receive the motion for summary judgment, the Rules allow them to seek additional information by showing that the current record does not allow them to "present facts essential to justify [their] opposition." FED. R. CIV. P. 56(d). In making this argument, the Greenways must show, in an affidavit or declaration, what "specified facts . . . probably exist" that will "influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894 (quotation omitted). They cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* (quotation omitted).

The Lenders' motion for judgment on the pleadings is converted into one for summary judgment. (Docket Entry No. 15). The Lenders must file supplemented briefs and submit additional documents or materials no later than **March 1**, **2019**. The Greenways must respond by **March 22**, **2019**. Their motion to compel production is denied on the current record. (Docket Entry No. 17).

SIGNED on February 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge